IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YOSLAN DANIEL DANIEL,** : | | |
| Petitioner : | | |
| : | No. 1:23-cv-01663 | |
| v. : | | |
| : | (Judge Kane) | |
| **R. THOMPSON,** : | | |
| Respondent : | | |

**MEMORANDUM**

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which pro se Petitioner Yoslan Daniel Daniel ("Daniel Daniel") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the following reasons, the Court will deny the petition.

I.  BACKGROUND

Daniel Daniel is currently incarcerated by the United States Bureau of Prisons ("BOP") in Allenwood Federal Correctional Institution ("FCI-Allenwood"). He is serving a 60-month sentence imposed by the United States District Court for the Southern District of Florida for conspiracy to distribute cocaine. (Doc. No. 6-1 at 3.)

Daniel Daniel filed the instant petition on September 27, 2023, and the Court received and docketed the petition on October 16, 2023. (Doc. No. 1.) Daniel Daniel asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.) He asserts that the BOP has wrongfully withheld FSA time credits because he is subject to an immigration detainer issued by United States Immigration and Customs Enforcement ("ICE"). (Id.)

Respondent responded to the petition on October 6, 2023, arguing that it should be denied because Daniel Daniel is subject to a final order of removal from the United States and is thus

ineligible to have earned time credits applied to his sentence under the FSA.  (Doc. No. 6.) Respondent attaches documentation from the United States Department of Homeland Security ("DHS") showing that Daniel Daniel is subject to a final order of removal.  See (Doc. 6-1 at 8–10).  Daniel Daniel has not filed a reply brief and the deadline for doing so has expired under the Local Rules.  The petition is accordingly ripe for judicial resolution.

## II.     DISCUSSION

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  See 18 U.S.C. § 3632.  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release.  See id. § 3632(a).  Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs."  See Kurti v. White, No. 1:19-cv-02109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  See 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten days of credit for every thirty days of successful participation.  See id.  Moreover, eligible inmates who have been assessed at a

minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation.  See id.  A prisoner is ineligible to have time credits applied toward prerelease custody or supervised release if he "is the subject of a final order of removal under any provision of the immigration laws."  See 18 U.S.C. § 3632(d)(4)(E).

Respondent has presented evidence that Daniel Daniel is subject to a final order of removal from the United States.  See (Doc. No. 6-1 at 8–10).  Because of this final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E), the Court cannot grant Daniel Daniel the relief he seeks.  Hence, the Court must deny the petition for writ of habeas corpus.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Daniel Daniel's petition for writ of habeas corpus.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
